JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BARRIE DUBOIS

**DEFENDANTS**
UNITED STATES DEPARTMENT OF THE INTERIOR, CITY OF PHILA AND PHILA. PARKING AUTHORITY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MICHAEL J. PAJAK, ESQ., ROSENBAUM & ASSOC.
1818 MARKET ST., STE 3200, PHILA., PA
19103-2155690200

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- [x] 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____
Brief description of cause:
SLIP AND FALL

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ IN EXCESS OF $75K

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE 9/21/21

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __201 QUEEN STREET, APT 1, PHILA., PA 19147__

Address of Defendant: __1849 C STREET NW, WASHINGTON, DC 20240__

Place of Accident, Incident or Transaction: __131-42 S. 2ND STREET, PHILA., PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✔]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✔]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✔]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✔]

I certify that, to my knowledge, the within case [ ] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   324997
                        Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [✔] Other Personal Injury *(Please specify):* SLIP AND FAL
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __MICHAEL J. PAJAK, ESQ__, counsel of record *or* pro se plaintiff, do hereby certify:

[✔] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __9/21/21__   _____   324997
                     Sign here if applicable         Attorney I.D. # (if applicable)
                     Attorney-at-Law / Pro Se Plaintiff

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5 2018)*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. PAJAK, ESQUIRE
1818 Market Street, Suite 3200
Philadelphia, PA 19103
(215)569-0200

| | |
|---|---|
| BARRIE DUBOIS<br>201 Queen Street, Apartment 1<br>Philadelphia, PA 19147<br><br>　　　　　　　　Plaintiff<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE<br>INTERIOR<br>1849 C Street NW<br>Washington, DC 20240<br>and<br>CITY OF PHILADELPHIA<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>and<br>PHILADELPHIA PARKING AUTHORITY<br>701 Market Street, Suite 5400<br>Philadelphia, PA 19106<br><br>　　　　　　　　Defendants | : <br>: <br>: <br>: MAJOR JURY DEMAND<br>: <br>: <br>: NO.<br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: |

## CIVIL ACTION-PREMISES LIABILITY

## JURISDICTION AND VENUE

1. The plaintiff, Barrie Dubois, is an adult individual and a citizen of the Commonwealth of Pennsylvania, with her domicile being 201 Queen Street, Apartment 1, Philadelphia, Pennsylvania 19147.

2. The defendant, United States Department of the Interior, is an agency of the United States Government with a principal place of business at 1849 C Street NW, Washington, DC 20240.

3. The defendant, City of Philadelphia, is a municipal entity operating under the laws of the Commonwealth of Pennsylvania with a principal place of business at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania 19102.

4. The defendant, Philadelphia Parking Authority, is a corporation, limited liability company, partnership or fictitious name of an individual or individuals, with a principal place of business at 701 Market Street, Suite 5400, Philadelphia, Pennsylvania 19106.

5. The jurisdiction of the court is hereby invoked pursuant to United States Code, Title 28, Sec. 1332, which states that the District Court shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6. Venue is sought in the United States District Court of the Eastern District of Pennsylvania pursuant to United States Code, Federal Statute, Title 28, Sec. 1391(a)(2), which states that a civil action wherein jurisdiction is founded on diversity of citizenship may, except as otherwise provided by law, be brought in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

7. At all times relevant hereto, the defendants were acting through their agents, servants and/or employees within the course and scope of their employment, and the doctrine of Respondeat Superior is invoked herein.

8. At all times relevant hereto all defendants were acting as the agents, servants, workmen and/or employees of all other named defendants.

## STATEMENT OF CLAIM

9. At all times relevant hereto, defendants had under their care, direction, supervision, control and maintenance the premises and walkway located at or near "Welcome Park", 131-42 South 2nd Street, Philadelphia, Pennsylvania, and it was the defendant's duty to keep and maintain said premises and walkway in a reasonably safe condition.

10. On or about the 25th day of November, 2019, at approximately 9:00 p.m., a dangerous, negligent and/or defective condition existed on the premises as aforesaid and defendants knew or should have known of the existence of same

11. On the aforesaid date, the plaintiff, Barrie Dubois, lawfully was on the walkway of defendants' premises when by reason of the negligence of the defendants, the plaintiff was caused to trip, slip, stumble and/or fall due to a low hanging chain, a result of which caused plaintiff to sustain severe and serious injuries more fully described hereinafter.

12. The defendants knew or should have known of the existence of the hazardous and dangerous condition on the aforesaid premises and walkway.

13. The carelessness and/or negligence of the defendants consisted of the following:

    a. Failing to maintain said premises and walkway in a safe and reasonable condition for persons such as the plaintiff using said premises and walkway;

    b. Failing to reasonably inspect said premises and walkway to ascertain the existence of the negligent condition when defendants knew or should have known of the existence of said negligent condition;

    c.    Failing to warn persons on the premises and walkway of the negligent and/or defective condition;

    d.    Failing to properly and adequately repair said premises and walkway;

    e.    Failing to provide adequate lighting on the aforesaid premises and walkway;

    f.    Negligently allowing said defect to remain on said premises and walkway;

    g.    Failing to properly supervise persons maintaining defendants' premises and walkway; and,

    h.    Failing to respond to requests to remedy said defective condition.

14. Solely because of the negligence of the defendants acting as aforesaid, the plaintiff was caused to sustain serious physical injury in and about the person, including but not limited to plaintiff's neck, arm, elbow, hand, fingers and thumb, as well as a severe shock to the nerves and nervous system and was or may have been otherwise injured, whereby plaintiff has suffered and may continue to suffer in the future and/or may be permanent.

15. The plaintiff may have sustained other injuries and pre-existing conditions may have been aggravated.

16. The plaintiff avers that some or all of the injuries sustained may be or are of a permanent nature and character.

17. As a further result of the aforesaid accident, plaintiff has been unable in the past, and is likely to continue to be unable in the future, to attend to plaintiff's usual duties, activities, vocations and avocations, all to plaintiff's great financial loss and detriment.

18. As a further result of the aforesaid accident and resultant injuries, plaintiff has expended and is in the future likely to expend substantial sums of monies for the care, treatment and attempted cure of plaintiff's injuries, all to plaintiff's great financial loss and detriment.

19. As a further result of the aforesaid accident and resultant injuries, plaintiff has been caused to undergo in the past and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to plaintiff's great financial loss and detriment.

**WHEREFORE**, plaintiff, Barrie Dubois, demands judgment against the defendants, United States Department of the Interior, City of Philadelphia and Philadelphia Parking Authority, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

ROSENBAUM AND ASSOCIATES, P.C.

By: _____
MICHAEL J. PAJAK, ESQUIRE
Attorney for Plaintiff

DATE: 9/21/21